IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| MARKUS A. COWAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 119-034 |
| | ) | |
| SHERIFF ALFONZO WILLIAMS; MAJOR JOHN H. BUSH; CAPTAIN CASSANDRA HAYNES; CAPTAIN BLASH; LT. WILBERT WILLIAM; C.O. NICHOLAS VINSON; SGT. JOHNIE WRIGHT; NURSE CASSEY STAGGS; NURSE ASHLEY MARSH; NURSE BRANDON MOAK; LT. KENNETH MCKENZIE; and OFFICER CHRIS MCKENZIE, in their individual and official capacities, | ) ) ) ) ) ) ) ) ) ) ) | |
| | ) | |
| Defendants. | ) | |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Plaintiff, a pretrial detainee at Burke County Detention Center ("BCDC") in Waynesboro, Georgia, is proceeding *pro se* and *in forma pauperis* ("IFP") in this case filed pursuant to 42 U.S.C. § 1983. Because he is proceeding IFP, Plaintiff's complaint must be screened to protect potential defendants. Phillips v. Mashburn, 746 F.2d 782, 785 (11th Cir. 1984); Al-Amin v. Donald, 165 F. App'x 733, 736 (11th Cir. 2006).

**I.    SCREENING OF THE COMPLAINT**

    **A.    BACKGROUND**

Plaintiff names as Defendants: (1) Sheriff Alfonzo Williams; (2) Major John H. Bush; (3)

Captain Cassandra Haynes; (4) Captain Blash; (5) Lieutenant Wilbert William; (6) C.O. Nicholas Vinson; (7) Sargent Johnie Wright; (8) Nurse Cassey Staggs; (9) Nurse Ashley Marsh; (10) Nurse Brandon Moak; (11) Lieutenant Kenneth McKenzie; and (12) Officer Chris McKenzie. (Doc. no. 1, pp. 2-6.) Taking all of Plaintiff's allegations as true, as the Court must for purposes of the present screening, the facts are as follows.

On October 9, 2018, an inmate threatened to attack Plaintiff the next morning. (Id. at 10.) Three to four inmates attacked him the next morning. (Id.) Officer Abrams pulled Plaintiff away from the inmates attacking him. (Id.) While Plaintiff stood there in handcuffs, the inmates spit on him, while the officer looked on. (Id.) Plaintiff was taken to a special housing unit ("SHU"), where he was refused a shower and medical attention. (Id.) Plaintiff slept in spit for forty-eight hours. (Id.) Defendants Bush, Haynes, and Lt. William denied Plaintiff a shower and Lt. William denied Plaintiff tissue and soap. (Id. at 8.) Plaintiff did not have a bed, sheets, towels, or tissues in SHU. (Id. at 10.) Plaintiff did not receive his belongings for another seventy-two hours. (Id.)

Despite never receiving a disciplinary report or hearing regarding the incident, Plaintiff was placed in a different dorm, which had a different classification and uniforms, with hardened criminals. (Id.) By failing to follow the proper procedures, the officers failed to keep Plaintiff safe. (Id.) Plaintiff has asked every officer, including Defendants Haynes, Bush, and Sheriff Williams, why he was transferred without a disciplinary report. (Id. at 10-11.) Sheriff Williams did not return Plaintiff's or his family's calls. (Id. at 8.) Defendants Bush, Haynes, and Sheriff Williams did not take his complaints seriously. (Id. at 8.) After Plaintiff asked one officer, Major Bush threatened him. (Id. at 11.) Officers also denied

2

Plaintiff access to medical care for his injuries to his hand, head, and food following the attack. (Id. at 10.) Nurses Staggs, Marsh, and Moak denied plaintiff medical attention, and Nurse Marsh refused to take a picture of Plaintiff's wounds. (Id. at 9.)

On January 26, 2019, seven officers entered Plaintiff's cell block with another inmate in handcuffs. (Id. at 12.) As Plaintiff leaned out of his cell to see what was happening, an officer told him to lock himself in his cell. (Id.) Plaintiff questioned the officer's order because he had not done anything to be placed on lockdown. (Id.) Five officers then ran into the cell block and "got in [Plaintiff's] face." (Id.) Officer Vinson and Sgt. Wright, along with three other officers, pulled Plaintiff's arms behind his back, twisted his wrists, and threw him on a table. (Id.) Lt. Kenneth McKenzie assaulted Plaintiff and slammed him on the table. (Id. at 9.) Officer Chris McKenzie tried to break Plaintiff's arm, slammed him on the table, and dragged Plaintiff to his cell. (Id.) Sgt. Wright held Plaintiff by the throat, and Officer Vinson pulled Plaintiff into his cell. (Id. at 12.) The five officers continued to push and strike Plaintiff in the cell. (Id.)

During the forty-five minutes after the attack, Plaintiff asked for medical attention several times but it was denied. (Id.) Plaintiff began to beat the bars of his cell to get the booth officer's attention. (Id. at 12-13.) Officer Vinson and Sgt. Wright returned and told Plaintiff to put his hands behind his back. (Id. at 13.) Sgt. Wright pointed his taser at Plaintiff and told Officer Vinson to lock down the cell block. (Id.) When Officer Vinson left, Sgt. Wright grabbed Plaintiff's buttocks and then shot Plaintiff in the back with his taser. (Id.) Plaintiff fell from being tased, and Sgt. Wright slammed Plaintiff's foot in the door of his cell twice. (Id.)

3

Twenty minutes later, other officers and EMS arrived and transported Plaintiff to Burke County Hospital, where he was treated for high blood pressure and a sprained ankle. (Id.) Plaintiff's foot had a tennis-ball-sized swelling caused by Sgt. Wright slamming it in the door. (Id.) Plaintiff asked for a picture to be taken, but none was. (Id.) Plaintiff's arm is swollen and he has four holes in his back from being tased. (Id.) Plaintiff has suffered mental and emotional stress from being sexually assaulted, tased, and assaulted by officers. (Id.) An officer told Plaintiff Sgt. Wright should not have tased him and the officers were not supposed to be in his cell block. (Id.) Officer Vinson has since mocked Plaintiff about the incident by blowing kisses at Plaintiff, joking about grabbing his buttocks, and writing him a note "talk[ing] [a]bout he gone [sic] fuck me." (Id. at 8.)

Sgt. Wright and Officer Vinson took Plaintiff's property, including legal and personal mail, religious materials, hygiene products, and food. (Id. at 13.) At the hospital, Officer Vinson brought Plaintiff a used toothbrush, Plaintiff's bowl, and towels, but no soap, deodorant, or mail. (Id. at 14.) Plaintiff does not know if the toothbrush was his. (Id.) Plaintiff asked to speak to the lieutenant, captain, and major, as well as medical staff, but he received no response and was refused medical attention. (Id.) Officer Golden, Lt. William, and a nurse told Plaintiff inmates on lockdown cannot be seen by medical. (Id.) At Plaintiff's disciplinary report hearing, Cpt. Blash told Plaintiff he was not allowed to ask questions, did not have rights, is a liar, and could not call witnesses at his hearing. (Id. at 8, 14.)

As relief, Plaintiff seeks: (1) a protective order against Sgt. Wright; (2) an injunction allowing prisoners on lockdown to be seen by medical; (3) $250,000 in compensatory damages;

4

and (4) $250,000 in punitive damages.  (Id.)

Finally, Plaintiff attached as exhibits to his complaint over fifty handwritten pages of the grievances he filed at BCDC and three affidavits from other BCDC inmates.  (Id. at 23-62.)  However, because Plaintiff does not specifically reference the exhibits within the body of his complaint, the Court will not independently examine the exhibits to determine what, if any, relevant facts are contained therein for the purpose of this screening.

### B. DISCUSSION

#### 1. Legal Standard for Screening

The complaint or any portion thereof may be dismissed if it is frivolous, malicious, or fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune to such relief.  See 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b).  A claim is frivolous if it "lacks an arguable basis either in law or in fact."  Neitzke v. Williams, 490 U.S. 319, 327 (1989).  "Failure to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard as dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6)."  Wilkerson v. H & S, Inc., 366 F. App'x 49, 51 (11th Cir. 2010) (citing Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997)).

To avoid dismissal for failure to state a claim upon which relief can be granted, the allegations in the complaint must "state a claim for relief that is plausible on its face."  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).  That is, "[f]actual allegations must be enough to raise a right to relief above the speculative

5

level." Twombly, 550 U.S. at 555.  While Rule 8(a) of the Federal Rules of Civil Procedure does not require detailed factual allegations, "it demands more than an unadorned, the defendant unlawfully-harmed-me accusation." Iqbal, 556 U.S. at 678.  A complaint is insufficient if it "offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action,'" or if it "tenders 'naked assertions' devoid of 'further factual enhancement.'" Id. (quoting Twombly, 550 U.S. at 555, 557).  In short, the complaint must provide a "'plain statement' possess[ing] enough heft to 'sho[w] that the pleader is entitled to relief.'" Twombly, 550 U.S. at 557 (quoting Fed. R. Civ. P. 8(a)(2)).

Finally, the court affords a liberal construction to a *pro se* litigant's pleadings, holding them to a more lenient standard than those drafted by an attorney. Haines v. Kerner, 404 U.S. 519, 520 (1972); Erickson v. Pardus, 551 U.S. 89, 94 (2007).  However, this liberal construction does not mean that the court has a duty to re-write the complaint. Snow v. DirecTV, Inc., 450 F.3d 1314, 1320 (11th Cir. 2006).

### 2. Plaintiff's Claims are Improperly Joined Under Rule 20

Plaintiff's claims involve two separate series of events.  The first series of events involves the inmate attack on October 9, 2018, prison officials' failure to provide hygiene supplies and medical attention thereafter, and Plaintiff's transfer to SHU without a disciplinary report.  (Doc. no. 1, pp. 8-10.)  The second involves the January 26, 2019 assault of Plaintiff by officers, Officer Vinson's denial of hygiene supplies, and Cpt. Blash's conduct during the subsequent disciplinary hearing.  (Id. at 8, 12-14.)  Plaintiff cannot bring unrelated claims in a single lawsuit under Fed. R. Civ. P. 20.  There are two requirements for joinder under Rule 20:  (1) all claims against joined defendants must arise out of "the same transaction or

occurrence, or series of transactions or occurrences"; and (2) "there must be some question of law or fact common to all defendants that will arise in the action." Smith v. Trans-Siberian Orchestra, 728 F. Supp. 2d 1315, 1319 (M.D. Fla. 2010) (citing Alexander v. Fulton County, Ga., 207 F.3d 1303, 1323 (11th Cir. 2000), *overruled on other grounds by* Manders v. Lee, 338 F.3d 1304, 1328 n.52 (11th Cir. 2003) (*en banc*).). "In determining what constitutes a transaction or occurrence for the purposes of Rule 20(a), courts have looked for meaning to Fed. R. Civ. P. 13(a) governing compulsory counterclaims." Alexander, 207 F.3d at 1323. Under the requirements of Rule 13(a), "a claim arises out of the same transaction or occurrence if there is a logical relationship between the claims." Construction Aggregates, Ltd. v. Forest Commodities Corp., 147 F.3d 1334, 1337 n.6 (11th Cir. 1998); Tarver v. Owens, 5:14-CV-214, 2014 WL 3810594, at *4 (M.D. Ga. Aug. 1, 2014) (same). A logical relationship exists when the claims depend upon the same set of facts, or the facts of one claim "activate additional legal rights supporting the other claim." Smith, 728 F. Supp. 2d at 1319. A claim may be dismissed without prejudice where it does not comply with Rule 20. Smith v. Owens, 625 F. App'x 924, 928-29 (11th Cir. 2015.)

Plaintiff has not alleged any facts connecting the series of events beginning on October 9, 2018, and January 26, 2019, respectively. Plaintiff does not allege the incidents were factually related or any named Defendants were involved in both series of events. In short, there is no indication the two sets of claims have any logical relationship to each other. Accordingly, Plaintiff's claims against Defendants Sheriff Williams, Lt. William, Major Bush, Captain Haynes, and Nurses Staggs, Marsh, and Moak concerning the series of events beginning with the inmate attack on October 9, 2018, should be dismissed without prejudice to allow

7

Plaintiff the opportunity to bring these claims in a separate lawsuit, if he desires.[1]

If Plaintiff submits a new complaint for this purpose, it must contain a caption that clearly identifies, by name, each individual that Plaintiff is suing in the present lawsuit. Furthermore, the body of Plaintiff's amended complaint must contain sequentially numbered paragraphs containing only one act of misconduct per paragraph. The numbered paragraphs in his amended complaint should include information such as: (i) the alleged act of misconduct; (ii) the date on which such misconduct occurred; (iii) the names of each and every individual who participated in such misconduct; and (iv) where appropriate, the location where the alleged misconduct occurred. While Plaintiff may attach exhibits to his amended complaint, he shall not incorporate them by reference as a means of providing the factual basis for his complaint. For example, Plaintiff should not simply state, "See attached documents." Plaintiff must name the individuals whom he seeks to include as defendants herein in both the caption and the body of his amended complaint; he may not rely on the fact that individuals are named in the exhibits attached to his amended complaint as a means of including such persons as defendants to this lawsuit. The Court will not independently examine exhibits that Plaintiff does not specifically reference (by the exhibit's page number) in his amended complaint.

### 3. Plaintiff Fails to State a Claim Based on Allegations of Insults and Threats by Defendants

Plaintiff attempts to bring claims against Defendants Vinson and Kenneth McKenzie for using insulting and threatening language against him and calling him a liar. (Doc. no. 1, pp. 8,

---

[1]The Court **DIRECTS** the **CLERK** to attach a standard form complaint used by incarcerated *pro se* litigants in the Southern District of Georgia to Plaintiff's copy of this Order for this purpose.

11-14.) However, mere "allegations of verbal abuse and threats by prison officers . . . is insufficient to state a constitutional claim." Hernandez v. Fla. Dep't of Corr., 281 F. App'x 862, 866 (11th Cir. 2008) (citing Edwards v. Gilbert, 867 F.3d 1271, 1274 n.1 (11th Cir. 1989)). Additionally, "derogatory, demeaning, profane, threatening, or abusive comments made by an officer to an inmate, no matter how repugnant or professional, do not rise to the level of a constitutional violation." Leonard v. Scott, No. 17-14248-CIV-ROSENBERG, 2017 WL 8772149, at *9 (S.D. Fla. Oct. 6, 2017). Accordingly, fails to state a claim against these Defendants for their insulting and threatening language.

### 4.  Plaintiff Fails to State a Claim Based on the Deprivation of His Personal Property

Plaintiff alleges Defendants Wright and Vinson removed his property from his cell. (Doc. no. 1, pp. 13.) The Fourteenth Amendment does not protect against all deprivations of property, only against deprivations that occur "without due process of law." Parratt v. Taylor, 451 U.S. 527, 537 (1981), *overruled on other grounds*, Daniels v. Williams, 474 U.S. 327, 330-31 (1986). Georgia has created a civil cause of action for the wrongful deprivation of personal property. O.C.G.A. § 51-10-1. This statutory provision covers the unauthorized deprivation of an inmate's property by prison officials. Grant v. Newsome, 411 S.E.2d 796, 799 (Ga. App. 1991). The statutory cause of action constitutes an adequate post-deprivation remedy under Parratt. See Byrd v. Stewart, 811 F.2d 554, 555 n.1 (11th Cir. 1987). Thus, Plaintiff has an adequate remedy at State law, and he fails to state a valid § 1983 due process claim based on the deprivation of his property.

9

## II. CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** Plaintiff's claims based on insults and threats and Fourteenth Amendment property deprivation claims be **DISMISSED** for failure to state a claim, and Defendants' claims against Sheriff Williams, Lt. William, Major Bush, Captain Haynes, and Nurses Staggs, Marsh, and Moak be **DISMISSED** without prejudice pursuant to Rule 20.  In a companion Order, the Court allows to proceed Plaintiff's excessive force and failure to intervene claims against Defendants Vinson, Wright, Chris McKenzie, and Kenneth McKenzie, Due Process claim against Defendant Blash, and conditions of confinement claim against Defendant Vinson.

SO REPORTED this 10th day of June, 2019, at Augusta, Georgia.

_____
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA